85 F.3d 631
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Fernando BUSTILLO, Plaintiff-Appellant,
v.
Charles PETERSON et al., Defendants-Appellees.
 No. 95-2509.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 7, 1996.*
Decided May 10, 1996.
 
 Before FLAUM, EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Fernando Bustillo, a federal prisoner acting pro se, filed a complaint under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). He alleged that officials at the federal penitentiary in Marion, Illinois, conspired to deny him his right of access to the courts, and retaliated against him for exercising that right. The district court, pursuant to 28 U.S.C. § 1915(d), dismissed as frivolous all but three of Bustillo's claims.[1] He referred the remaining claims to a magistrate judge. Defendants then filed a motion for summary judgment, to which Bustillo did not respond. The magistrate judge recommended granting the motion. After Bustillo filed timely objections to the magistrate's report and recommendation, the district court granted summary judgment to defendants.[2] We affirm.
 
 
 2
 Bustillo claims that the magistrate judge abused his discretion by issuing orders denying necessary discovery, and denying leave to amend the complaint. Bustillo failed to appeal the order denying leave to amend the complaint within the statutory ten day period. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(a); Local Rules 26(a)(1), 28(a) (S.D.Ill.). Failure to object to a magistrate judge's ruling on nondispositive pretrial matters waives the right to attack such rulings on appeal. United States v. Brown, 79 F.3d 1499, 1504 (7th Cir.1996). Consequently, Bustillo has waived appellate review of this issue.
 
 
 3
 Bustillo did, however, complain about being denied discovery in his objections to the magistrate judge's final report and recommendation. Because the district court did not consider the objections untimely, and because the ten day limit is not jurisdictional, we find that Bustillo has not waived this issue. That, however, is as far as Bustillo gets, because the objection is meritless. The magistrate judge granted Bustillo's most pertinent requests, and granted motions to compel discovery when defendants were dilatory. Bustillo insists that this enforcement was illusory and that the magistrate judge connived with defendants to ensure that only evidence favorable to their case was revealed, but provides no factual support for these sweeping allegations. The magistrate judge did not abuse his discretion by limiting the scope of discovery. See Searls v. Glasser, 64 F.3d 1061, 1068 (7th Cir.1995).
 
 
 4
 Upon de novo review of the record, we have determined that the district court properly and thoroughly resolved the remaining issues presented on appeal. Accordingly, for the reasons stated in the district court orders dated March 10, 1994 and May 17, 1995, we AFFIRM the judgment of the district court.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 On April 26, 1996, during the pendancy of this appeal, the President signed into law the Prison Litigation Reform Act (Pub.L. 104-134, 110 Stat. 1321), which re-codifies 28 U.S.C. § 1915(d) as § 1915(e), significantly amends the right to bring civil actions or file appeals in forma pauperis. We need not decide whether the Act applies to the case at bar; the state does not ask us to do so, and even under the more expansive prior version of 28 U.S.C. § 1915, the Appellant in this case is not entitled to relief
 
 
 [2]
 The district court initially accepted the magistrate's report before Bustillo had an opportunity to file objections to it. The court withdrew that judgment sua sponte, and conducted a de novo review of the claims before granting summary judgment